In re PHILLIPS. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) In the matter of the application of Howard L. Phillips for admission to the bar. No opinion. Application granted.

PHILLIPS, Appellant, v. PHILLIPS et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. September, 1906.) Action by Isaac H. Phillips, as executor, etc., of Isaac Hampton Phillips, deceased, against Frank J. Phillips and another. No opinion. Order modified, by striking therefrom that portion which requires the production of books of account, memoranda, or paper writings in the possession or under the control of the plaintiff, and, as so modified, affirmed, without costs of this appeal to either party.

In re PIERSON. (Supreme Court, Appellate Division, Fourth Department. May 8, 1907.) In the matter of the application of William E. Pierson for the removal of Elizabeth Pierson and another. No opinion. Judgment affirmed, with' costs.

PIRNIE, Respondent, v. QUIGLEY FARM, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Helen Pirnie against Quigley Farm. No opinion. Motion to dismiss appeal granted, with $10 costs.

POMERANZ, Respondent, v. LEVY, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Israel Pomeranz against Jacob Levy. No opinion. Judgment of the Municipal Court reversed, and new trial ordered, with costs to abide the event, on the ground that the judgment is against the weight of evidence.

RANDOLPH, Respondent, v. WECHSLER, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by George B. F. Randolph against Sigmund Wechsler. No opinion. Judgment and order unanimously affirmed, with costs.

In re REID. (Supreme Court, Appellate Division, Second Department. May 3, 1907.) In the matter of the final judicial settlement of the accounts of Archibald A. Reid, as executor and trustee of William H. Reid, deceased. No opinion. Order of the Surrogate's Court of Richmond county affirmed, with $10 costs and disbursements.

REIMER et al., Respondents, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by John B. Reimer and another, partners, etc., against the city of New York. No opinion. Judgment and order affirmed, with costs.

In re ROCHE. BATES et al., Appellants, v. ROCHE et al., Respondents. (Supreme Court, Appellate Division, Third Department, May 8, 1907.) In the matter of the judicial settlement of the accounts of William J. Roche, as executor of the last will and testament of Henry T. Nason, deceased. Action by Eliza E. Bates and another against William J. Roche, as executor, etc., and others. See 104 N. Y. Supp. 601. No opinion. Appeal dismissed, with costs.

RODEN, Respondent, v. CO-OPERATIVE BUILDING BANK, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Walter A. Roden against the Co-operative Building Bank. No opinion. Appeal dismissed, without consideration, for the reason that the case does not appear to have been settled as required by section 318 of the Municipal Court act (Laws 1902, p. 1581, c. 580).

RODEN, Respondent, v. CO-OPERATIVE BUILDING BANK, Appellant. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Action by Walter A. Roden against the Co-operative Building Bank. No opinion. Motion denied, with costs.

ROSE, Respondent, v. CITY OF TROY, Appellant. (Supreme Court, Appellate Division, Third Department. May 8, 1907.) Action by Charles E. Rose against the city of Troy.
PER CURIAM. Judgment and order affirmed, with costs.
KELLOGG and COCHRANE, JJ., dissent.

ROSENBERG et al., Respondents, v. FEIERING, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Louis Rosenberg and another against Jennie Feiering. No opinion. Order of the County Court of Kings county affirmed on argument, with $10 costs and disbursements.

ROSENBERG v. ULLMAN MFG. CO. (Supreme Court, Appellate Division, First Department. April 26, 1907.) Action by Martin Rosenberg against the Ullman Manufacturing Company. No opinion. Motion granted, with $10 costs. Order filed.

ROWE, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Action by Herman Rowe against the city of New York. No opinion. Judgment and order unanimously affirmed, with costs.

RUBIN et al., Respondents, v. TOOP, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Meyer Rubin and another against George H. Toop. No opinion. Appeal dismissed, with costs, on the ground that no return has been made having indorsed ' thereon the allowance of the justice before whom the action was tried, as required by section 317 of the Municipal Court act (Laws 1902, p. 1580, c. 580).

RUBIN et al., Respondents, v. TOOP, Appellant. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Action

by Meyer Rubin and another against George H. Toop. No opinion. Motion denied, with costs.

---

RUNDEL, Respondent, v. ROCHESTER RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 1, 1907.) Action by Anna J. Rundel against the Rochester Railway Company. No opinion. Judgment and order affirmed, with costs.

---

SAGEHOMME v. PAUL B. PUGH & CO. (Supreme Court, Appellate Division, First Department. April 26, 1907.) Action by Bauduin Sagehomme against Paul B. Pugh & Co. No opinion. Motion for stay granted, on defendant giving bond in the sum of $2,500. Settle order on notice.

---

SAMMIS, Respondent, v. NEW YORK CITY RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Action by Frank F. Sammis against the New York City Railway Company.

PER CURIAM. Motion to dismiss appeal granted, with costs, unless the appellant pay the respondent $10 costs in five days and place the case upon the next calendar of this court for argument. On compliance with these conditions, motion to dismiss appeal is denied, without costs.

---

SAUTTER v. UTICA CITY NAT. BANK et al. (Supreme Court, Appellate Division, Fourth Department. May 1, 1907.) Action by Christian Sautter against the Utica City National Bank and another. Judgment for plaintiff, and defendants appeal. Affirmed.

PER CURIAM. Affirmed, on opinion of ROGERS, J., at Special Term. 90 N. Y. Supp. 838, 45 Misc. Rep. 15.

McLENNAN, P. J. (dissenting). The action was commenced on the 7th day of November, 1902, to restrain the defendant bank and the defendant Stannard, who had contracted with it for that purpose, from erecting upon premises owned by the defendant bank and which adjoin premises owned by the plaintiff, both of which are situate upon the westerly side of Genesee street in the city of Utica, N. Y., and abut thereon, a building in such manner that the front end thereof would project out into the street practically two feet, and to cause the removal of any portion constructed which so projected. The question presented by this appeal is, may an owner of premises abutting upon a public city street, to the fee of which street he has no title, erect a building on his premises, against the protest of the owner of adjoining premises made at or before the time such erection is commenced, so that a substantial and essential part thereof projects into the street nearly two feet, and justify such encroachment by the fact that the municipality in its discretion authorized the same under and by virtue of an act of the Legislature which assumed to invest it with such discretionary power? Or, failing in that, may he retain what was thus illegally obtained by proving that the adjacent owner is not materially damaged by such unlawful encroachment? Such a rule would be unjust and inequitable, and, as it seems to me, has not yet been approved by decision of our highest court. Practically the facts pertinent to the questions here for review are not in dispute, and, where controverted, it will be assumed that the findings of fact made by the learned trial court are conclusive, not being contrary to or against the weight of the evidence. Genesee, one of the principal business streets in the city of Utica, N. Y., extends in a southerly direction from the Mohawk river to and beyond the city limits. Its width for the entire distance from Baggs Square to the Erie Canal, between which points the premises which are the subject of this controversy are located, measured between the building lines as established and occupied for a great number of years by the public and by the owners of premises abutting thereon, is from 97.4 to 97.45 feet, and during all the time the buildings erected upon either side of said street, and which were used for the purpose of banks, stores, offices, etc., have practically been erected upon said street lines and have not encroached upon the street. Genesee street, which was originally a state road, was laid out pursuant to chapter 29 of the Laws of 1794, entitled "An act for laying out and improving a road from old Ft. Schuyler to the Genesee river." Among other things it was provided in said act: "And be it further enacted, that the said road shall be laid out six rods wide, but it shall not be necessary for the said commissioners to open and improve the same above four rods wide in any part thereof. And the whole of the said road, when laid out, shall be considered as a public highway and shall not be altered by the commissioners of any town or country through which the same shall run." The act further provided that the commissioners appointed to lay out and build said road might acquire the right of way either by purchase or condemnation proceedings, and that the cost thereof should be paid by the county in which such right of way was located. Thereafter by chapter 78 of the Laws of 1800 the old Seneca Turnpike Company was incorporated, under the name of the "President and Directors of the Seneca Road Company," and by said act it was authorized to make and construct the road formerly laid out by the state, "observing as nearly the line of the present state road as the nature of the ground will allow." And it was further provided in said act "that the said road shall be six rods in width, and that the said president and directors shall cause the same to be cleared of all timber excepting trees of ornament, and to be improved in manner following, to wit." Said corporation was also empowered to exercise the right of eminent domain in acquiring rights of way for said road. On the 1st day of March, 1822, the President and Directors of the Seneca Road Company, of the first part, and the trustees of the village of Utica, of the second part, entered into an agreement which provided as follows: "Witnesseth, that the said party of the first part, in consideration of the covenants on the part of the party of the second part, covenanted to